IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ST. JAMES ENTERTAINMENT LLC, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:09-CV-1975-RWS |
| | : |
| DASH CROFTS, | : |
| | : |
| Defendant. | : |

**ORDER**

This case comes before the Court on Defendant's Motion to Dismiss, or in the Alternative, Motion to Transfer [8], Plaintiff's Motion for Leave to File Sur-reply [19], Defendant's Motion to Strike [33], and Plaintiff's Request for Oral Argument [36]. As an initial matter, the Court finds that the issues are sufficiently plead such that a hearing is not necessary at this time. Accordingly, Plaintiff's Request for Oral Argument [36] is **DENIED**. After a review of the record, the Court enters the following Order.

AO 72A
(Rev.8/82)

**I.     Background**[1]

Plaintiff St. James Entertainment LLC ("SJE") initiated this suit against Defendant Dash Crofts on July 21, 2009 seeking equitable rescission of the contract (Count I); damages for breach of contract (Count II), breach of fiduciary duty (Count III), breach of the duty of good faith and fair dealing (Count IV), and unjust enrichment (Count V); and injunctive relief and an accounting (Count VI).  This lawsuit arises out of an alleged agreement between Plaintiff, Defendant Crofts, Jimmy Seals ("Seals") and Hale House Production, Inc. ("Hale") (the "Agreement").  Per the alleged Agreement, SCHR Productions, LLC  was formed for the purpose of producing and distributing master recordings of certain musical compositions to be performed by Seals and Crofts.  Plaintiff alleges that Defendant Crofts breached obligations under the alleged contract by "improperly engag[ing] in discussions and negotiations with an actual or apparent agent or otherwise with an authorized legal representative of the San Juan Music Group, Ltd., in which he attempted to and/or actually entered into a business transaction and relationship

---

[1] These facts are derived for Plaintiff's Complaint and subsequent pleadings.  The Court makes no findings with respect to facts contained herein.

concerning the recordings and master recordings, which are the subject of the Agreement." (Complaint [1] at ¶ 23.) Defendant moved for dismissal of the Complaint on the basis that the Court lacks personal jurisdiction over Crofts, or in the alternative, for transfer of venue to the United States District Court for the Western District of Texas [8].

Prior to addressing the Motion, the Court must resolve which pleadings are presently before the Court for consideration.

## II.    Plaintiff's Motion for Leave to File Surreply

Plaintiff has filed a Motion for Leave to File a Surreply Memorandum of Law in Response to Defendant's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue [19]. Plaintiff contends that the surreply is necessary to address "the factual and legal misstatements" made by Defendant Crofts in his Reply memorandum and also to address a recent decision by the United States Court of Appeals for the Eleventh Circuit. In response, Defendant argues that additional briefing is not warranted and that the Court should deny leave.

"Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies." Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (citing Byrom v. Delta Family

Care-Disability and Survivorship Plan, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004)).  Certainly, the Court is disinclined to consider arguments raised in a surreply which could have been raised in an earlier filing.  Indeed, were the Court to allow such filings as a matter of routine practice, it would be put in the less-than-desirable position of "refereeing an endless volley of briefs." Garrison v. Northeast Georgia Medical Center, Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999)  As such, the Court will generally exercise its broad discretion to permit the filing of a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief. Fedrick, 366 F. Supp. 2d at 1198.

Upon review, the Court will allow Plaintiff's Surreply in this case.   It may be true that certain matters raised in Plaintiff's Surreply could have been raised in its responsive brief.  However, the Surreply addresses new case law not previously before the Court.  Accordingly, Motion for Leave to File a Surreply Memorandum of Law in Response to Defendant's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue [19] is **GRANTED nunc pro tunc**.

4

AO 72A
(Rev.8/82)

### III. Defendant's Motion to Strike

On March 29, 2010, Plaintiff filed a supplemental brief to its Response to Defendant's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue [28]. Plaintiff contends that the Court's January 29, 2010 Order allowing Plaintiff to conduct limited discovery authorizes Plaintiff to file the supplemental brief. (Dkt. No. [28] at 1.) In the supplemental brief, Plaintiff points to portions of Defendant Crofts' deposition which allegedly establish the Court's jurisdiction. (Id.) Defendant opposes and moves to strike the supplemental briefing on the basis that the brief mischaracterizes the deposition testimony. (Dkt. No. [33] at 2.) The Court finds that the deposition transcript will speak for itself and that argument by either party as to the relevant portions of the deposition are unnecessary. Therefore, Defendant's Motion to Strike Plaintiff's Supplemental Briefing, or in the Alterative, Motion for Leave to Reply to Same [33] is **GRANTED**. Plaintiff's Supplemental Response [28] is **STRICKEN**.

### IV. Defendant's Motion to Dismiss, or in the Alternative, to Transfer

A. <u>Motion to Dismiss Legal Standard</u>

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual

6

allegation." Twombly, 550 U.S. at 555.  In light of this standard, the Court now examines the Defendant's Motions to Dismiss.

B. Discussion

Defendant Crofts moves the Court for dismissal of the lawsuit, or in the alternative, transfer of venue to the United States District Court for the Western District of Texas.  Defendant Crofts' main argument for dismissal is that the Court lacks personal jurisdiction because he is a Texas resident and the Agreement at issue was executed in Tennessee. (Dkt. No. [8] at 2.)  "A federal court sitting in diversity undertakes a two step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." United Tech. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009).  The Georgia long-arm statute, as codified at O.C.G.A. § 9-10-91, subjects a non-resident to personal jurisdiction in this state if that non-resident:

> (1) "[t]ransacts any business" with Georgia,
> (2) "[c]ommits a tortious act or omission" within Georgia, or
> (3) "[c]ommits a tortious injury" in Georgia caused by an act or omission outside Georgia if the non-resident "regularly does or solicits business, or engages in any other persistent course of

7

conduct, or derives substantial revenue from goods used or consumed or services rendered" in Georgia

O.C.G.A. § 9-10-91.  Jurisdiction exists under the "transacting business" prong of the long-arm statute if "(1) the nonresident defendant has purposefully done some act or consummated some transaction in [Georgia], (2) the cause of action arises from or is connected with such act or transaction, and (3) the exercise of jurisdiction . . . does not offend traditional fairness and substantial justice." Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734, 737 (Ga. Ct. App. 2006) (citing Robertson v. CRI, Inc., 601 S.E.2d 163 (Ga. Ct. App. 2004)).  The Grieves court goes on to determine whether a "defendant purposefully established minimum contacts" with the forum by evaluating several factors. Id., 631 S.E.2d at 738.  These factors include "prior negotiations and contemplated future consequences, . . . the terms of the contract and the parties' actual course of dealing." Id.  It is "essential" that the defendant engaged in some act whereby he "purposefully avail[ed] [him]self of the privilege of conducting activities within [Georgia], thus invoking the benefits and protections of [Georgia's] laws." Id., 631 S.E.2d at 737.

Here, the only contacts Defendant Crofts has with the State of Georgia arise out of the formation, operation, and performance of the Georgia company SCHR Productions, LLC, and a concert held in Chastain Park in Atlanta, Georgia. (Dkt. No. [12] at 6; Crofts Deposition 56:6-10.)  The dispute at the heart of this lawsuit arises out of the obligations and alleged breach of contract under the Agreement which created and formed SCHR Productions, LLC. (Complaint [1].)  While Crofts certainly has an ownership interest in the Georgia company and serves as a board member (Dkt. No. [12] at 9), he denies having knowledge prior to his deposition that the company was organized in Georgia. (Dkt. No. [16] at 6; Crofts Deposition 41:1-3)  The Agreement contains a Georgia choice of law provision, but was negotiated and executed out of state.  Certainly the Court has jurisdictional authority over SCHR Prodictions, LLC through its status as a Georgia company, but a mere ownership interest alone in an corporation is insufficient to meet the standards for personal jurisdiction. See Jimmy Smith Racing Tires, Inc. v. Ashleman, No. 1:05-CV-0970-JEC, 2006 WL 2699127, at *8 (N.D. Ga. Sept. 19, 2006); Girard v. Weiss, 287 S.E.2d 301, 302 (Ga. Ct. App. 1981)).  However, here, Crofts is more than a mere part owner of SCHR Productions, LLC.  The purpose of the

9

company's formation is to produce, market, and distribute music performed by Crofts. As a principal of a Georgia company, Crofts has benefitted from the State's corporate structure and taken advantage of Georgia's privileges and laws. Further, Crofts has intentionally and knowingly contracted with SCHR Productions, LLC, a Georgia company, for the production and distribution of his music. In doing so, he has purposefully availed himself of the laws of the the State of Georgia and reasonably should have expected to be haled into court in the State. Accordingly, the Court has personal jurisdiction over Defendant Crofts.

Next, Crofts argues that the lawsuit should be dismissed for insufficient service of process because Plaintiff served Crofts by publication rather than personal service. (Id. at 13.) This Court specifically approved and authorized service by publication of Defendant Crofts following a showing of good cause by Plaintiff. (See Order dated September 15, 2009 [2].) Defendant Crofts withdrew this argument in the Reply brief. (Dkt. No. [16] at 3, n.2.)

Next, Defendant contends that Plaintiff's allegations concerning the fraudulent conduct of Crofts and claim for attorneys' fees fail to satisfy the federal notice pleading requirements and should be dismissed. (Dkt. No. [8] at

10

15.) In alleging fraud, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). A complaint satisfies this rule if it sets forth precisely "(1) what statements or omissions were made in what documents or oral representations, (2) who made the statements, (3) the time and place of the statements, (4) the content of the statements and manner in which they misled the plaintiff, and (5) what benefit the defendant gained as a consequence of the fraud." In re Coca-Cola Enter. Inc. Sec. Litig., 510 F. Supp. 2d 1187, 1194-1195 (N.D. Ga., 2007). For every act or omission alleged, the complaint "must state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). Upon review, the Court finds that Plaintiff's minimalist Complaint does not allege sufficient facts to support a claim for fraud or deceit. Plaintiff's cause of action for fraud and a remedy of equitable rescission (Count I) is **DISMISSED**.

Further, Plaintiff has not asserted any basis for recovery of attorneys' fees. Plaintiff does not allege that, "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense" under O.C.G.A. §13-6-11 nor any facts supporting the application of

AO 72A
(Rev.8/82)

the provisions of O.C.G.A. §13-1-11 or O.C.G.A. §9-15-14.  Accordingly, Plaintiff's claim for attorneys' fees is **DISMISSED**.

Next, Defendant Crofts contends that the lawsuit should be dismissed because Plaintiff has not met the conditions precedent of the Agreement requiring that Crofts be: (1) provided written notice of the alleged breach; (2) given thirty (30) days to cure the issue; and, (3) given an opportunity to resolve the dispute through mediation or arbitration prior to filing suit. (Dkt. No. [8] at 19, 22.)  In response, Plaintiff argues that it provided sufficient notice to Crofts regarding the dispute at issue and demanded that he purchase an interest in SCHR Productions, LLC in an attempt to resolve the disagreement. (Dkt. No. [12] at 15.)  Further, Plaintiff contends that the executed version of the Agreement at issue does not contain any clause or provision relating to mediation or arbitration. (Id.)  The Court finds that an issue of fact remains regarding the terms of the Agreement that precludes dismissal on this basis. The parties do not agree on the executed version of the Agreement, and Defendant takes issue with certain inconsistencies in the formatting of Plaintiff's proposed Agreement. (See Dkt. No. [16] at 6.)  The Court is not

AO 72A
(Rev.8/82)

inclined to dismiss the case in favor of arbitration given the uncertainty of the contractual terms.

In the alternative, Defendant Crofts argues that the Court should transfer venue of the case to the Western District of Texas because convenience and the interests of justice would be better served in Texas. (Dkt. No. [8] at 20.) In support, Defendant Crofts points out that he, as the key witness, resides in Texas and physical hardship precludes him from frequent travel. Further, the remaining witnesses would not be unduly prejudiced by traveling to Texas. (Id.) Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "In considering a motion to transfer venue under Section 1404(a), the burden is on the moving party to establish the propriety of the transfer. Unless the balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." Paul, Hastings, Janofsky & Walker, L.L.P. v. City of Tulsa, 245 F. Supp. 2d 1248, 1260 (N. D. Ga. 2002)(internal citations omitted). "Section 1404 requires the court to consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice."

13

Southern Appalachian Biodiversity Project v. U. S. Forest Service, 162 F. Supp. 2d 1365, 1367 (N. D. Ga. 2001).  While the Court is sympathetic to Defendant Crofts' medical condition, such facts do not warrant a change of venue in this case.  Defendant Crofts has not met his burden of demonstrating that convenience or the interest of justice dictate that the case be transferred to the Western District of Texas.  Defendant Crofts' Motion to Transfer Venue is **DENIED**.

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss, or in the Alternative, Motion to Transfer [8] is **GRANTED in part** as to Count I and Plaintiff's claim for attorneys' fees.  Defendant's Motion to Dismiss, or in the Alternative, Motion to Transfer [8] is **DENIED** on all other grounds.  Plaintiff's Motion for Leave to File Surreply [19] is **GRANTED nunc pro tunc**, Defendant's Motion to Strike [33] is **GRANTED**, and Plaintiff's Request for Oral Argument [36] is **DENIED**.

**SO ORDERED** this   13th   day of July, 2010.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)